IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRENT L. ALFORD,**

          Petitioner,

  v.                   **CASE NO. 23-3031-JWL**

**DONALD LANGFORD,**

          Respondent.

## MEMORANDUM AND ORDER

  This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Brent L. Alford, a state prisoner currently incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction.

### Background

  In 1993, a jury in Sedgwick County, Kansas convicted Petitioner of first-degree murder, aggravated kidnapping, and unlawful possession of a firearm. *See State v. Alford*, 257 Kan. 830, 831 (1995) (*Alford I*); *Alford v. State*, 2010 WL 174001, *1 (Kan. Ct. App. Jan. 8, 2010) (unpublished) (*Alford II*), *rev. denied* Mar. 31, 2010. The district court sentenced him to a controlling sentence of life in prison plus a hard 40. *Alford II*, 2010 WL 174001, at *1. In an opinion issued on June 2, 1995, the Kansas Supreme Court affirmed the convictions and sentences. *Alford I*, 257 Kan. at 831-32.

  Since that time, Petitioner has challenged his convictions and sentences through multiple state and federal court actions. *See, e.g., State v. Alford*, 263 Kan. 193 (1997) (affirming denial of motion to correct illegal sentence filed "[a]pproximately 1 year after his direct appeal was decided); *Alford II*, 2010 WL 174001, at *1 (noting unsuccessful K.S.A. 60-1507 proceeding

1

initiated in December 1997 and second unsuccessful 60-1507 proceeding initiated in September 2007); *Alford v. Cline, et al.*, Case No. 11-cv-3062-SAC[1] (petition for federal habeas relief filed March 16, 2011 and dismissed as untimely on June 2, 2011); *Alford v. State*, 2017 WL 2403121 (Kan. Ct. App. June 2, 2017) (unpublished) (affirming denial of motion to reinstate appeal in earlier 60-1507 proceeding), *rev. denied* Feb. 27, 2018; *State v. Alford*, 308 Kan. 1336, 1336-37 (2018) (affirming denial of motions to correct illegal sentence filed in 2016); *Alford v. Cline*, Case No. 19-3059-SAC (petition for federal habeas relief filed April 2, 2019 and dismissed as an unauthorized second § 2254 application on April 10, 2019); *Alford v. Cline*, Case No. 20-cv-3003-SAC (petition for federal habeas relief filed January 3, 2020 and transferred to Tenth Circuit on May 22, 2020 for possible authorization as a successive § 2254 application; the Tenth Circuit denied authorization on July 6, 2020).

The petition currently before this Court is Petitioner's fourth attempt to obtain relief from the 1993 convictions by way of 28 U.S.C. § 2254. He alleges four grounds for relief. Ground One asserts that Petitioner's Fourteenth Amendment right to due process was violated because the state courts "refus[ed] to adjudicate [his] Original K.S.A. 60-1507 petition under established" state law. (Doc. 1, p. 5.) Ground Two alleges ineffective assistance of counsel during the 1993 jury trial and sentencing. *Id.* at 6. Ground Three is a claim of unconstitutional double jeopardy, which Petitioner candidly concedes is not yet ripe. *Id.* at 8. Ground Four alleges the violation of Petitioner's constitutional rights to due process and equal protection because he was not appointed counsel during the appeal of his first 60-1507 motion. *Id.* at 9. As relief, Petitioner asks the Court to order his unconditional release or direct the state court to acquit him. *Id.* at 18.

## Analysis

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the

---

[1] Five years after judgment was entered, Petitioner filed a motion for relief from judgment in that case, which the Court denied. Petitioner appealed from the denial of that motion, and the Tenth Circuit denied a certificate of appealability. *See*, *Alford v. Cline, et al.*, 696 Fed. Appx. 871 (10th Cir. June 8, 2017) (unpublished).

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

This is Petitioner's fourth § 2254 action challenging his 1993 convictions. The first was dismissed in 2011 as time-barred. *Alford v. Cline, et al.*, Case No. 11-cv-3062-SAC, Doc. 4, issued June 2, 2011. "[T]he dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive." *Shirley v. Davis*, 521 Fed. Appx. 647, 648 n.1 (10th Cir. 2013) (unpublished) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), and other cases). With respect to Petitioner specifically, the Tenth Circuit held in 2020 that "[t]he dismissal of Alford's first § 2254 application was thus a decision on the merits, and his subsequent applications, including the one at issue here, are second or successive applications that the district court lacks jurisdiction to rule on without our authorization." See *Alford v. Cline*, Case No. 20-cv-3003-SAC, Doc. 14, p. 7, issued July 6, 2020.

Similarly, this Court has twice explained to Petitioner that he must seek authorization from the Tenth Circuit before he may proceed in this Court on a second or successive application for habeas corpus relief under § 2254. See *Alford v. Cline*, Case No. 19-cv-3059-SAC, Doc. 4, p. 2, issued April 10, 2019; *Alford v. Cline*, Case No. 20-cv-3003-SAC, Doc. 12, p. 2, issued May 22, 2020. Yet Petitioner has not done so. Instead, he argues that an order entered on December 5, 2022 by the Sedgwick County District Court denying Petitioner's motion for emergency writ of mandamus constitutes a "new judgment." (Doc. 1, p. 13-17.) Thus, he contends, the current matter is timely filed and, because this is the first federal habeas challenge to this "new judgment," it is not successive. *Id.* at 17. This argument is unpersuasive.

The "judgment" on which federal habeas courts focus is the judgment that resulted in a habeas applicant's confinement, not the most recent order relevant to any issue in the federal

3

habeas matter. *See Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009) (citing § 2254; *Burton v. Stewart*, 549 U.S. 147, 156 (2007); and *Ferreira v. Sec'y Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007)). This distinction can be seen in the cases to which Petitioner cites to support his argument that the 2022 order is a "new judgment." (Doc. 1, p. 153-17.) In *Magwood v. Patterson*, 561 U.S. 320, 323 (2010), the United States Supreme Court explained that when a state court conducted a second sentencing hearing after the defendant obtained federal habeas relief, the defendant could seek federal habeas relief from the new sentence without the application being considered second or successive.

In *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015), the inmate unsuccessfully pursued federal habeas relief from a state-court judgment, after which he persuaded a state court to vacate his sentence and resentence him. Unhappy with his new sentence, he sought federal habeas relief. *Id.* On appeal, the Sixth Circuit held that the latter federal habeas proceeding could include claims that challenged the undisturbed convictions as well as the second sentencing. *Id.* at 157. Similarly, in *Wentzell v. Neven*, 674 F.3d 1124, 1125 (9th Cir. 2012), the Ninth Circuit held that a petition seeking federal habeas relief after an "amended judgment of conviction" was not second or successive, even though the petitioner—prior to the amended judgment of conviction— had a previous § 2254 petition dismissed as time-barred.

But unlike the situations in *Magwood*, *King*, and *Wentzell*, Petitioner has had no second sentencing hearing or amended judgment of conviction that could act as a new judgment. In other words, Plaintiff has shown no intervening "new judgment" that "resets the application count and prevents [the current petition] from being 'second or successive.'" *See King*, 807 F.3d at 157 (quoting *Magwood*, 561 U.S. at 323-24). Rather, Petitioner is in custody pursuant to the convictions and sentences—the judgment—that occurred in 1993. Because a previous petition for relief under § 2254 challenging the 1993 judgment was dismissed as time-barred, the current petition is successive and Petitioner is required to seek authorization from the Tenth Circuit to proceed on it.

When a petitioner fails to obtain the prior authorization, the federal district court must

4

dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the interest of justice requires transfer to the Tenth Circuit for possible authorization to proceed on a successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See id*.

Because Petitioner is proceeding pro se, the Court will liberally construe the petition and hold it to "'less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even doing so, however, the claims in the present petition are time-barred. This Court determined over 10 years ago, as explained in the 2011 dismissal order, that claims brought under § 2254 to challenge Petitioner's 1993 convictions are untimely. To the extent that Petitioner again argues that statutory tolling applies or that this Court otherwise erred in 2011 when it found the claims time-barred, those arguments have been previously addressed by the Tenth Circuit and will not be reconsidered here. The claims in this matter are time-barred.

The Court concludes that it would not serve the interest of justice to transfer this matter to the Tenth Circuit for possible authorization of this successive § 2254 petition. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254, which the Court lacks jurisdiction to consider. No certificate of appealability will issue. As such, Petitioner is no longer required to comply with the Notice and Order of Deficiency

**IT IS SO ORDERED.**

DATED:   This 8th day of February, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge